# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

THELMA COCHRAN,

       Plaintiff,

v.                                        Civ. No. 01-358 JP/RLP - ACE

BANYAN, INC., a New Mexico
Corporation, and RONALD HONE,

       Defendants.

## MEMORANDUM OPINION AND ORDER

       On January 4, 2002, Plaintiff filed a motion for attorneys' fees and expenses (Doc. No. 49) in accordance with 42 U.S.C. § 1988, Fed. R. Civ. P. 54 (d), and D.N.M.LR-Civ 54. By the terms of Plaintiff's settlement agreement with Defendants Banyan, Inc. and Ronald Hone, Plaintiff is to receive attorneys' fees and costs in an amount to be determined by the Court. On January 30, 2002, the Court held a hearing on Plaintiff's motion. After discussing the issue of attorneys' fees and expenses with the parties, the Court referred the fee dispute to United States Magistrate Judge Puglisi for settlement. Because the parties were unable to resolve the matter before Magistrate Judge Puglisi, the Court will proceed to determine reasonable attorneys' fees and costs.

       Under 42 U.S.C. § 1988, reasonable attorneys' fees are usually awarded to a prevailing party in civil rights litigation. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). Reasonable fees are calculated using the lodestar method, whereby the number of attorney

hours reasonably expended in the litigation is multiplied by a reasonable hourly rate. *Id*. The product of the lodestar calculation—the reasonable hours times a reasonable rate—is strongly presumed to represent a reasonable fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

The "first step in calculating the lodestar" is to determine "the number of hours reasonably spent by counsel for the party seeking fees." *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243,1250 (10th Cir. 1998). The inquiry

> is controlled by the overriding consideration of whether attorney's hours were necessary under the circumstances. The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. A district court should approach this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.

*Robinson*, 160 F.3d at 1281 (internal quotations and citations omitted).

Defendants argue that the three attorneys representing Plaintiff have not sufficiently "winnow[ed] the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. According to Defendants, the billing statements submitted by Plaintiff reflect much duplication of effort.

Defendants point out that throughout much of the discovery phase of the case Plaintiff had two attorneys attend depositions, a practice that Defendants consider unreasonable. Plaintiff argues that the presence of two attorneys at the depositions was necessary to effectively gauge the credibility of witnesses. Pl.'s Reply at 5. However, that explanation fails to explain why Plaintiff needed two attorneys to attend her own depositions. Presumably, each of Plaintiff's counsel was in a position to gauge Plaintiff's credibility without attending her depositions.

2

Although having two attorneys attend depositions to analyze the credibility of each witness may be helpful, the Court questions its necessity, and finds that if the Court had been the senior partner reviewing the billing records presented here, the Court would not have billed the client for that purpose. *Robinson*, 160 F.3d at 1281. Having determined that the Court would not have billed the client for two attorneys to attend Plaintiff's depositions, the Court cannot reasonably bill Defendants. *Case*, 157 F.3d at 1250 ("Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable.").

If multiple attorneys attend a deposition "when one would suffice, compensation should be denied for the excess time." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725 (1987). An appropriate way to analyze how many attorneys were needed for a given task is to "look to how many lawyers the other side utilized in similar situations." *Id*. Here, the record reveals that Defendants had only one attorney attend depositions. Defs' Resp., Exs. A at 2, B at 2, C at 2, F at 2, G at 1, H at 1, I at 2. Therefore, the Court will subtract as unreasonable the hours billed for the appearance of Plaintiff's second attorney at the depositions. Thus, the attorney who did not take the deposition, or the in the case of Plaintiff's own depositions, Ms. Vanzi's time, will be subtracted from Plaintiff's billing statements.

Plaintiff contends that the presence of two attorneys at depositions was essential because the attorney not taking the depositions was responsible for the brief writing. Pl.'s Reply at 5. The Court observes that Plaintiff had all of the depositions transcribed (for which she seeks

transcription costs), and that the attorney responsible for writing the briefs used those transcripts in preparing her briefs. In short, Plaintiff's explanation fails to persuade the Court that having two attorneys attend the depositions was essential to the prosecution of the case.

Aside from the depositions, Defendants have combed Plaintiff's billing statements for other instances of duplicative billing. With the following exceptions, the Court finds that the remainder of Plaintiff's billing statements reflect reasonable and necessary expenditures of time and effort in prosecuting Plaintiff's case. On June 6, 2001, Plaintiff had two attorneys attend the Rule 16 conference. Given the nature of Rule 16 conferences, the appearance of two attorneys was not required. Thus, Ms. Vanzi's hours will be reduced 0.7 hours. From October 31 to November 5, 2001, Ms. Vanzi intermittently worked on a confidential settlement letter for the Court. The aggregate time Ms. Vanzi allotted to the task was over 11 hours. The Court finds that time excessive for a straightforward case, and will reduce the hours spent on the task by 3.27 hours to reflect a single day's work, 8 hours.

Defendants seek to have the number of hours reflected in Plaintiff's billing statements reduced because, according to Defendants, they lack support, necessity, and relevance to the case. Defs' Resp. at 22. Of some concern to Defendants was the use of a law clerk to research issues for Plaintiff's counsel that would arise had the case gone to trial. The Court finds that using a law clerk for that purpose was reasonable. Additionally, the Court finds that the expense of a law clerk would ordinarily be billed to a client in this area. *Robinson*, 160 F.3d at 1285-86 (permitting reliance on a district court's general experience to evaluate the parties' arguments on a fees issue). For the same reasons Defendants object to the time Plaintiff's counsel spent conferring with each other, their staff, witnesses, and their client. The Court finds that such conversations were

4

supported, necessary, and relevant to the litigation. Therefore the Court will not reduce Plaintiff's attorney fee award on those grounds.

Defendants maintain that Plaintiff's use of an investigator was unwarranted. Defs' Mem. in Supp. at 24. Although Plaintiff itemized the expenditure for the investigator as a cost, Pl.'s Mem. in Supp. Ex. 5, that charge is properly considered as part of her attorney's fees under *Ramos*, and the distinction is critical. 713 F.2d at 558. Under Rule 54(d) "costs shall be allowed as of course," *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990), whereas out-of-pocket expenditures may be awarded under § 1988 only if the Court finds that those expenditures are ordinarily billed to clients in the local area. *Ramos*, 713 F.2d at 558 (holding that fees other than attorneys fees can be awarded if they are not part of the law office's overhead); *Bee,* 910 F.2d at 690. As stated in *Bee,* the Court has no discretion under Fed. R. Civ. P. 54(d) or its local equivalent to award costs that are not set out in one of the six subsections of 28 U.S.C. § 1920. *Bee,* 910 F.2d at 690 (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).

Courts addressing expenditures for investigators have not permitted them to be recouped under 28 U.S.C. § 1920. *Harris v. Marhoefer*, 24 F.3d. 16, 19 (9th Cir. 1994); *Marquez v. American Export Lines*, 41 F.R.D. 386 (S.D.N.Y. 1967). However, courts have considered such expenditures as part of attorneys fees under § 1988. *Garmong v. Montgomery County*, 668 F. Supp. 1000, 1011 (S.D. Tex. 1987) (addressing expenses for investigators under the attorney fee provision because investigators "replace an attorney's efforts"). Because Plaintiff's labeling of the expense of an investigator as a cost rather than a fee is not dispositive of her recovery, the Court will treat Plaintiff's request as one for a fee. *Bee*, 910 F.2d at 690.

Despite Defendants' argument that the expense of an investigator was not justified, Plaintiff has not attempted to explain why an investigator was needed, what information he gathered, or what services he performed. Without knowing why an investigator was necessary, the hours he spent on the case, and his hourly rate, the Court is in no position to gauge whether his services were reasonable. *Cf. Ramos*, 713 F.2d at 558 (scrutinizing the hours and rates of para-professionals in the same manner as attorneys). Because Plaintiff failed to carry her burden of proving that an investigator was reasonably necessary to prosecute the case and that the investigator's charges were reasonable, the expense for the investigator will be denied. *Case*, 157 F.3d at 1250-51 (observing that counsel for the party seeking fees bears the burden of proving that the expenses were "properly chargeable" to the client and denying fees where this burden is not carried).

Likewise, Defendants dispute the charges levied for Plaintiff's postage, copying and faxing fees. However, the Court finds nothing about the price or quantity of copies that would render Plaintiff's request unreasonable or otherwise suspect. Further, the Court finds that these expenses are not necessarily part of the office overhead, but rather are ordinarily billed to clients in the local area. *Robinson*, 160 F.3d at 1285-86. Therefore, the Court will award these expenses as part of Plaintiff's attorney fee award.

Finally, Defendants have made passing references about some entries in Plaintiff's billing statements that reflect a daily total of tasks performed by counsel along with a single time entry for the day. Defs' Mem. in Supp. at pp. 10, 15 & 18. Although reporting the specific time allotted to an individual task is the preferred manner of presenting billing statements, the Court

has been able to determine the reasonableness of the hours requested. *Robinson*, 160 F.3d at 1285. Therefore, subject to the deductions outlined above, the remainder of Plaintiff's requested fees and costs will be granted. Because Defendants have not contested the issue, Plaintiff will be awarded gross receipts tax on her fees in instances where such a tax is appropriate. *Ramah Navajo Chapter v. Babbit*, 50 F. Supp. 2d 1091, 1109 (D.N.M. 1999).

Defendants have not contested the hourly rates requested by Plaintiff's counsel. Therefore, the Court calculates reasonable attorneys' fees to be awarded to Plaintiff under the lodestar method as follows:

|  | Hours |  | Rate |  | Fee |
|---|---|---|---|---|---|
| Ms. Sanders; | (83.1 hours requested - 4.3 hours)[1] | X | $225/hr | = | $17,730.00 |
| Mr. Westbrook; | 15.4 hours | X | $200/hr | = | $3,080.00 |
| Ms. Vanzi; | (106.67 hours requested - 41.7 hours)[2] | X | $150/hr | = | $9,745.50 |
| Law Clerk | 13.25 | X | $65/hr | = | $861.25 |

Sub-Total $31,416.75
Gross Receipts Tax (5.8125% of Sub-Total) $1,826.10
plus postage, fax, phone, and copy charges[3] $504.87

Total Fees $33,747.72

---

[1] The reduction of 4.3 hours represents the time Ms. Sanders spent at depositions as the second attorney.

[2] The reduction of 41.07 hours represents the time Ms. Vanzi spent at depositions as the second attorney (37.1 hrs), the time spent attending the Rule 16 conference (0.7 hrs), and a partial reduction of the time allotted for drafting the settlement letter (3.27 hrs).

[3] The Court includes these expenses as part of the fee award because they are ordinarily billed to clients. However, Plaintiff presents no authority permitting gross receipts tax to be applied to these expenses, and therefore they will not be taxed. The expenses here are itemized in Pl.'s Mem. in Supp. Ex. 5.

Having disposed of the fees in question the Court now turns to costs. Defendants maintain that the depositions for which Plaintiff seeks reimbursement are not subject to cost shifting because they were unjustified. The Court notes that under 28 U.S.C. § 1920, the "taxing of costs rests in the sound judicial discretion of the district court." *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). Contrary to Defendant's argument, Plaintiff has justified the cost of the depositions she took. Plaintiff deposed everyone on Defendants' proposed witness list, all of whom were Defendants' employees. Because Plaintiff intended to proceed to trial, the cost of taking and transcribing depositions was reasonably necessary to the litigation. *Callicrate*, 139 F.3d at 1340 (holding that a finding of reasonably necessary is judged by "the facts known to the parties at the time the expenses were incurred"). Having taken the depositions to prepare for trial and to defend against dispositive motions was well within the bounds of vigorous advocacy. *Id*.

The Court awards Plaintiff costs in the amount of $5,156.92, a figure that reflects the sum of Plaintiff's filing fee, her deposition expenses, and a witness fee. Although Plaintiff seeks to have the state gross receipts tax applied to those costs, the Court is unaware of any authority which permits the application of such a state tax on a federal court filing fee or witness fee. Further, the Court has the distinct impression that the transcription costs presented by Plaintiff already includes the gross receipts tax. Therefore the state gross receipts tax will not be applied to Plaintiff's costs.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorneys' fees and expenses (Doc. No. 49) is GRANTED in part, and that Plaintiff is awarded $33,747.72 in attorneys' fees

and $5,156.92 in costs.  To the extent Plaintiff requested fees and costs above the amounts awarded, the request is DENIED.  Defendants must pay the fees and costs granted herein by April 5, 2002.

                                                                                                             */s/ James A. Parker*
                                                  CHIEF UNITED STATES DISTRICT JUDGE